UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL No. _____

| | |
|---|---|
| KWAME OKYERE AMPONSAH, | ) |
| ADELAIDE BOATENG AMPONSAH, | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| TODD BLANCHE, Attorney General | ) |
| Of the United States, | ) |
| MARKWAYNE MULLIN, Secretary, | ) |
| Department of Homeland Security, | ) |
| THEODOROS RETZIOS, Acting Director, | ) |
| Lawrence Field Office, | ) |
| U.S. Citizenship and Immigration Services; and | ) |
| JOSEPH EDLOW, Director, | ) |
| U.S. Citizenship and Immigration Services, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**COMPLAINT FOR DECLARATORY RELIEF AND REVIEW OF AGENCY ACTION
UNDER THE ADMINISTRATIVE PROCEDURE ACT**

**INTRODUCTION**

1. Plaintiffs, KWAME OKYERE AMPONSAH, and ADELAIDE BOATENG AMPONSAH, bring this action challenging the arbitrary and capricious, an abuse of discretion, and contrary to the law Decision of U.S. Citizenship and Immigration Services ("USCIS") denying the I-130 Petition for Alien Relative Plaintiff, Kwame Okyere Amponsah filed on behalf of his wife, Plaintiff, Adelaide Boateng Amponsah See, 5 U.S.C. §§ 706(1), 706(2)(A).

## JURISDICTION

2.      This is a civil action against an agency and officer of the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq., and the Administrative Procedure Act, 5 U.S.C. § 701, et seq. Original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331 as federal question. See also, 28 U.S.C. § 2201 (a) (declaratory judgment), and 5 U.S.C. § 701 et seq. (Administrative Procedures Act).

## VENUE

3.      Pursuant to 28 U.S.C. § 1391(e)(1)(C), venue is proper in the District of Massachusetts. Plaintiffs are domiciled in the District, and particularized harm Plaintiffs suffered occurred primarily within the District.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. §1361 (mandamus action to compel an officer or employee of the U.S. or agency thereof to perform a duty owed Plaintiff),

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) because Plaintiffs reside within the district of this Court and no real property is involved.

## PARTIES

6.      Plaintiff Dr. Kwame Okyere Amponsah is citizen of the United States who is married to Adelaide Boateng Amponsah and has petitioned for his spouse as an immediate relative. His claim to petition for his spouse as an immediate relative arises under 8 U.S.C. § 1154(a). Dr. Kwame Okyere Amponsah resides at 231 Green Street, Shrewsbury, Massachusetts 01545.

7.      Plaintiff, Adelaide Boateng Amponsah is the beneficiary of an I-130, Petition for Alien Relative, if approved, would confer immediate relative status upon her providing basis for adjustment of status under 8 U.S.C. § 1255(a). Adelaide Boateng Amponsah resides at 231 Green Street, Shrewsbury, Massachusetts 01545.

8.      Defendants are the U.S. Attorney General, the Secretary of the U.S. Department of Homeland Security, the Director of the Lawrence, Massachusetts, Office of the U.S. Citizenship and Immigration Services, and the Director of the U.S. Citizenship and Immigration Services. Defendants are all officers or employees of the United States or an agency thereof, responsible for the granting of, or denial of, Petitions for Alien Relative, Form I-130, under the Immigration and Nationality Act and implementing regulations. See, e.g., 8 U.S.C. § 1154

## STATUTORY AND REGULATORY BACKGROUND

9.      A United States citizen may immediately petition for an immigrant visa for a spouse who would be considered an immediate relative. 8 U.S.C. § 1551(b); 8 C.F.R. 204.2.

10.     Immediate relatives with petitions approved may adjust status to lawful permanent residents of the United States if they were inspected and admitted to the United States and not otherwise inadmissible. 8 U.S.C. § 1255(a).

11.     Notwithstanding the provisions of subsection (b) no petition shall be approved if (1) the alien has previously been accorded, or has sought to be accorded, an immediate relative or preference status as the spouse of a citizen of the United States or the spouse of an alien lawfully admitted for permanent residence, by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws or (2) the Attorney

General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws. 8 U.S.C. § 1154(c).

12.     The director will deny a petition for immigrant visa classification filed on behalf of any alien for whom there is substantial and probative evidence of such an attempt or conspiracy, regardless of whether that alien received a benefit through the attempt or conspiracy. Although it is not necessary that the alien have been convicted of, or even prosecuted for, the attempt or conspiracy, the evidence of the attempt or conspiracy must be contained in the alien's file. 8 C.F.R. 204.2(a)(1).

13.     Under certain circumstances, the Board may affirm, without opinion, the decision of an Immigration Judge or the Department of Homeland Security (DHS) officer.  The Board may affirm a decision if all of these conditions are met: the Immigration Judge or DHS decision reached the correct result; any errors in the decision were harmless or nonmaterial; and either (a) the issues on appeal are squarely controlled by existing Board or federal court precedent and do not involve the application of a precedent to a novel factual situation, or (b) the factual and legal issues raised on appeal are not so substantial that the case warrants the issuance of a written opinion. See 8 C.F.R § 1003.1(e)(4).  By regulation, a summary affirmance order reads: "The Board affirms, without opinion, the result of the decision below.  The decision below is, therefore, the final agency determination.  See 8 C.F.R. 3.1(e)(4).  8 C.F.R. § 1003.1(e)(4)(ii). A summary affirmance order will not contain further explanation or reasoning.  Such an order approves the result reached by the Immigration Judge or DHS.  Summary affirmance does not mean that the Board approves of all the reasoning of that decision, but it does reflect that any errors in the decision were considered harmless or not material to the outcome of the case.  See

8 C.F.R. § 1003.1(e)(4). Board of Immigration Appeals Practice Manual 3.15 - Summary Affirmance.

**STATEMENT OF FACTS**

14.     Kwame Okyere Amponsah ("Mr. Amponsah") is a naturalized citizen of the United States.

15.     Mr. Amponsah and Adelaide Amponsah ("Mrs. Amponsah"), a citizen of the Republic of Ghana were married on October 30, 2019 in Northboro, Massachusetts. This is the fourth marriage for Mr. Amponsah the and the third for Mrs. Amponsah.

16. Mr. Amponsah filed an I-130 Petition for Alien Relative ("Petition") on February 3, 2020. (See I-130 Receipt at Exhibit A). Mrs. Amponsah and Mr. Amponsah appeared before the United States Citizenship and Immigration Services ("USCIS") for interview on September 9, 2020. The USCIS does not find issue with the marriage between Mr. and Mrs. Amponsah. (See USCIS Notice of Intent to Deny at Exhibit B). However, the USCIS took issue with Mrs. Amponsah's previous marriage to David Tyrone Cardwell (hereinafter "Mr. Cardwell") who had filed an 1-130 on the Beneficiary's behalf in or around 2005. *See Id.*

17.     In the Notice to Intent to Deny the USCIS contended that Mrs. Amponsah's prior marriage appears to have been entered solely for immigration purposes and USCIS now was seeking to invoke Section 204(c) of the Immigration and Nationality Act ("INA") codified at 8 U.S.C. Sec. 1154(c) which reads in pertinent part: "Notwithstanding the provisions of subsection (b) no petition shall be approved if (1) the alien has previously been accorded, or has sought to be accorded an immediate relative or preference status as the spouse of a citizen of the United

States...by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading immigration laws...." See, U.S.C. Sec. 1154(c).

18. Mr. Amponsah responded to the NOID citing voluminous evidence in the record that Mrs. Amponsah's prior marriage to David Tyrone Cardwell was entered into in good faith but deteriorated due to an extramarital affair and a pattern of abuse by Mr. Cardwell. (See NOID Response at Exhibit C).

19. The USCIS subsequently denied Mr. Amponsah's Petition on February 4, 2021. (See USCIS Denial Decision at Exhibit D). In its Decision the USCIS states, "…it appears that Ms. Amponsah and Mr. Cardwell conspired to enter into marriage for the sole purpose of evading immigration laws. The record does not sufficiently show that they ever resided together …nor commingled marital income and expenses, nor that they shared a familial relationship. USCIS records reflect that Ms. Amponsah sought immigration benefits based on that marriage. As a result it appears that your petition is subject to the provision set forth in section 204(c) of the Act." (See Exhibit D at p. 6)

20. Mr. Amponsah appealed that Decision to the Board of Immigration of Appeals (BIA). The BIA issued no written opinion or decision and sent no correspondence to Mr. Amponsah. The BIA summarily affirmed the Denial of Petition. Plaintiffs have no administrative remedies to exhaust and this Complaint ensues. See 5 U.S.C. §§ 551(13); 701(b)(2); 704

## STATEMENT OF CLAIM COUNT I

(Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) For Denying Form I- 130 Petition Arbitrarily, Capriciously, and as an abuse of discretion.)

21. Plaintiffs incorporate by reference all preceding paragraphs.

22. The APA entitles "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . to judicial review." 5 U.S.C. § 702.

23. This administrative record does not warrant a finding under 8 U.S.C. § 1154(c). The USCIS failed to meet its threshold burden under its own agency promulgated standard that there must be "substantial and probative evidence" of marital fraud in the record to trigger a burden shift under 8 U.S.C. § 1154(c) for the petition to demonstrate otherwise by a preponderance of the evidence. Such a finding on this record and a denial of the Petition is this sole ground is arbitrary and capricious and an abuse of discretion.

## STATEMENT OF THE CLAIM COUNT II

(Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) For Denying Form I- 130 Petition as not in accordance with the law.)

24. The Administrative Record herein is not in accordance with the law or the plain meaning of 8 U.S.C. § 1154(c) as the agency's self-promulgated burden of proof of "substantial and probative evidence" in the record as a requirement to trigger § 1154(c) should not be afforded deference and is amorphous and too low of standard considering the liberty interest at stake and runs anathema to Congress's enactment of 8 U.S.C. § 1154(c) via-a-vis the fundamental right to marry.

25. The BIA in Summarily Affirming the USCIS Decision without any notice or explanation is not in accordance with fundamental due process, its own practice manual and regulations and is not in accordance with the law.

**PRAYER FOR RELIEF**

Plaintiffs respectfully request that this Court:

1.  Issue a declaration that USCIS and the BIA's denial and affirmance of Plaintiffs' Forms I-130 on this record is arbitrary, capricious, and an abuse of discretion;

2.  Issue a declaration that the standard of proof of "substantial and probative evidence in the record" employed by the agency considering the liberty interest at stake and the fundamental right to marry is not in accordance with the law.

3.  Issue a declaration rescinding the I-130 Petition denial and ordering the Agency to approve Mr. Amponsah's Petition.

4.  Award Plaintiffs their reasonable attorneys' fees and costs under the Equal Access to Justice Act 28 U.S.C. § 2412, 5 U.S.C. § 504, or any other applicable law; and

5.  Award any other such relief as the Court deems just, equitable, and proper.


Respectfully submitted,
The Plaintiffs,
BY their Attorney,                           DATE: April 3, 2026


_____/s/ Richard S. Cabelus_____
Richard S. Cabelus, Esq.
Law Office of Richard S. Cabelus
390 Main Street, Suite 541
Worcester, MA 01608
508-762-9199
BBO# 674919
Richard@cabeluslaw.com